Filed 4/29/22  P. v. Jennings CA4/2
*See dissenting opinion*

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078227 |
| v. | (Super.Ct.No. RIF110437) |
| ALEX JENNINGS III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and requesting this court conduct an independent review of the record. We have independently reviewed the record for any potential error and find no arguable issues. We, therefore, affirm.

## I. PROCEDURAL BACKGROUND

By felony complaint filed May 15, 2003, the People charged defendant and appellant, Alex Jennings III, with the infliction of corporal injury resulting in a traumatic condition upon the victim (Pen. Code, § 273.5, subd. (a), count 1),[1] two counts of assault with a deadly weapon by means of force likely to cause great bodily injury upon two additional victims (§ 245, subd. (a)(1), counts 2 & 3), willful injury to a child (§ 273a, subd. (a), count 4), and vandalism (§ 594, subd (b)(2)(A)).

On March 15, 2004, pursuant to a negotiated disposition, defendant pled guilty to the count 1 offense. In return, all remaining charges were dismissed, and defendant was sentenced to probation, a term of which required him to spend 300 days in jail. On August 8, 2006, defendant admitted violating the terms of his probation.

On March 12, 2007, the People charged defendant by misdemeanor complaint with violating his probation in six separate cases, including the instant case, by driving under the influence of alcohol and drugs (Veh. Code, § 23152, subd. (a), count 1), driving with a blood-alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b),

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

count 2), and driving without a valid driver's license (Veh. Code, § 12500, subd. (a)). On May 14, 2007, defendant admitted violating his probation in the instant case.

On November 15, 2021, defendant filed a petition to seal and destroy his arrest records pursuant to sections 851.91 and 1203.4. Defendant reported that sometime after January 17, 2020, he was sentenced to 34 years to life for an unnamed offense. Defendant maintained that the granting of the petition would entitle him to family visitation while he was imprisoned. A classification committee chrono, dated December 1, 2017, attached to defendant's petition, reflected that "a visiting restriction was added . . . due to arrest dated 2/18/02 for PC273A (A) Cruelty to a Child." The reviewing committee removed the noncontact order with minors. Defendant filed a second petition on November 19, 2021. On November 19, 2021, the court denied the petition without holding a hearing.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].) This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (§ 1203.4, subd. (a)(1) [The court may grant relief under this section in its discretion if the defendant *is not then serving a sentence for any other offense*.]; § 851.91 ["A person who has suffered an arrest *that did not result in a conviction* may petition the court to have his or her arrest and related records sealed . . . ."], italics added.)

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

RAMIREZ
P. J.

[*People v. Jennings*, E078277]

RAPHAEL, J., Dissenting.

I would dismiss this appeal as abandoned in a brief unpublished order.

Defendant and Appellant Alex Jennings is serving an indeterminate term of 34 years to life for attempted murder, a conviction we affirmed in 2013 in case No. E056095. This uncontested appeal comes from one of the manifold post-conviction orders that a criminal defendant might obtain.

That is, Jennings appeals from a minute order denying what the trial court called "ex parte correspondence" asking to seal and destroy his arrest records from a 2004 conviction for violating Penal Code section 273.5 by inflicting corporal injury on a victim, resulting in a traumatic condition.

Jennings's lawyer could raise no arguments supporting this appeal. The reason for this presumably is that the Penal Code provisions that Jennings cited authorize the sealing and destruction of arrest records only where "no accusatory pleading has been filed" or "no conviction has occurred." (Pen. Code §§ 851.8, subds. (a), (c), 851.91.) Jennings was convicted, so the provisions provide no basis for sealing and destroying his arrest records. (Jennings also cited Pen. Code § 1203, which does not authorize the sealing or destruction of arrest records.)

There is no need to review the entire record hunting for issues, as this is not the "first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 986). We also should not generate an opinion for every uncontested, frivolous appeal. We should instead follow

1

the prevailing rule and dismiss the appeal as abandoned. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 504; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131.)

If Jennings raised an argument, we would be required to adjudicate the matter in an opinion. (See Cal. Const., art. VI, § 14.) But there is no argument before us. The uncommon motion (or "correspondence") that Jennings made in trial court illustrates the hodgepodge of post-judgment appeals that we see, and it should also illustrate that it is pointless and wasteful to review records and issue opinions in uncontested appeals that we can see are frivolous. As our Supreme Court has told us: "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544.)

Because we should dismiss this uncontested appeal, I therefore respectfully dissent.

RAPHAEL      
J.